Miyoko Sakashita (CA Bar No. 239639)
Andrea A. Treece (CA Bar No. 237639)
Catherine W. Kilduff (CA Bar No. 256331)
CENTER FOR BIOLOGICAL DIVERSITY
351 California Street, Suite 600
San Francisco, CA 94104
Phone: (415) 436-9682
Facsimile: (415) 436-9683
miyoko@biologicaldiversity.org
atreece@biologicaldiversity.org
ckilduff@biologicaldiversity.org

<u>Attorneys for Plaintiffs Center for Biological
Diversity and Turtle Island Restoration Network</u>

IGNACIA S. MORENO, Asst. Attorney General
JEAN E. WILLIAMS, Section Chief
LAWSON E. FITE, Trial Attorney, Ore. Bar No. 055573
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0217  /  Fax: (202) 305-0275
Email: lawson.fite@usdoj.gov

<u>Attorneys for Defendants</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and TURTLE ISLAND RESTORATION NETWORK,<br><br>     Plaintiffs,<br>   v.<br><br>KEN SALAZAR and UNITED STATES FISH & WILDLIFE SERVICE,<br><br>     Defendants. | No. C 10-992 SC<br><br>**STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER OF DISMISSAL** |

Stipulated Settlement Agreement and
[Proposed] Order of Dismissal                    1                    No. C 10-992 SC

Pursuant to Civil L.R. 7-12, this Stipulated Settlement Agreement is entered into by and between Plaintiffs Center for Biological Diversity and Turtle Island Restoration Network, and Federal Defendants Ken Salazar, Secretary of the United States Department of the Interior, and the United States Fish and Wildlife Service (collectively "FWS" or "Service"):

WHEREAS, on November 29, 2006, the Service received from the Center for Biological Diversity ("Center") a petition requesting that the Service list twelve penguin species as endangered or threatened under the Endangered Species Act ("ESA");

WHEREAS, on July 11, 2007, the Service made a 90-day finding, pursuant to 16 U.S.C. § 1533(b)(3)(A), that the petition presented substantial scientific information indicating that listing ten of the twelve penguin species may be warranted, and initiated a status review of these species, 72 Fed. Reg. 37,695 (July 11, 2007);

WHEREAS, on December 18, 2008, the Service made 12-month findings, pursuant to 16 U.S.C. § 1533(b)(3)(B)(ii), that listing seven penguin species, or subpopulations thereof (collectively the "seven penguin species") was warranted, and issued a proposed listing regulation for these species pursuant to 16 U.S.C. § 1533(b)(5), 73 Fed. Reg. 77,264 (Dec. 18, 2008); 73 Fed. Reg. 77,303 (Dec. 18, 2008); 73 Fed. Reg. 77,332 (Dec. 18, 2008);

WHEREAS, on March 9, 2010, Plaintiffs filed a Complaint for declaratory and injunctive relief, challenging the Service's failure, as to the seven penguin species, to issue a final listing determination within one year as required by 16 U.S.C. § 1533(b)(6)(A)(i);

WHEREAS, Plaintiffs and Defendants, through their authorized representatives and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' Complaint;

WHEREAS, Plaintiffs and Defendants agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. On or before July 30, 2010, the Service shall submit to the *Federal Register* final listing determinations, pursuant to 16 U.S.C. § 1533(b)(6)(A)(i), as to its proposals to list the yellow-eyed penguin, *Megadyptes antipodes*; the white-flippered penguin, *Eudyptula albosignata* (*E. minor albosignata*); the Fiordland crested penguin, *Eudyptes pachyrhynchus*; the Humboldt penguin, *Spheniscus humboldti*; and the erect-crested penguin, *Eudyptes sclateri*.

2. On or before September 30, 2010, the Service shall submit to the *Federal Register* a final listing determination, pursuant to 16 U.S.C. § 1533(b)(6)(A)(i), as to its proposal to list the African penguin, *Spheniscus demersus*.

3. On or before January 28, 2011, the Service shall submit to the *Federal Register* a final listing determination, pursuant to 16 U.S.C. § 1533(b)(6)(A)(i), as to its proposal to list the Campbell Plateau portion of the range of the New Zealand/Australia distinct population segment of the northern rockhopper penguin, *Eudyptes moseleyi* (*E. chrysocome moseleyi*).

4. Either party may seek to modify the deadline for any of the actions specified in paragraphs 1-3 for good cause shown, consistent with the Federal Rules of Civil Procedure. In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Settlement Agreement, the parties shall use the dispute resolution procedures specified in paragraph 5 below.

5. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadlines specified in paragraphs 1-3, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with

notice of the claim.  The parties agree that they will meet and confer (either telephonically or in-person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court.  If the parties are unable to resolve the claim themselves, either party may then seek relief from the Court.

6. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for making a determination under 16 U.S.C. § 1533 in any other proceeding regarding the Service's implementation of the ESA.

7. Defendants agree that Plaintiffs are the "prevailing parties" in this action, and agree to pay Plaintiffs' reasonable attorneys' fees and costs pursuant to section 11(g) of the ESA, 16 U.S.C. § 1540 (g).  Defendant therefore agrees to settle all of Plaintiffs' claims for costs and attorneys' fees in this matter for a total of $8,000.00.  A check or electronic funds transfer will be made payable in that amount to Center for Biological Diversity, c/o Catherine Kilduff, 351 California Street, Suite 600, San Francisco, CA 94104.

8. Plaintiffs agree to furnish Defendants with the information necessary to effectuate payment pursuant to paragraph 7 and to hold the United States harmless for any loss caused by following this authorization and direction, if any loss should occur.  Defendants agree to submit all necessary paperwork for the processing of the attorneys' fees award to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the Order approving this Agreement.

9. Plaintiffs agree to accept payment of $8,000.00 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiffs are entitled in this matter through and including the date of this Agreement.  Plaintiffs agree that receipt of this payment from Defendants shall operate as a release of Plaintiffs' claims for attorneys' fees and costs in this matter, through and including the date of this Agreement.

10. The parties agree that Plaintiffs reserve the right to seek additional fees and costs incurred subsequent to this Agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in paragraphs 1-3 or for any other continuation of this action.

By this Agreement, Defendants do not waive any right to contest fees claimed by Plaintiffs or Plaintiffs' counsel, including the hourly rate, in any future litigation or continuation of the present action. Further, this Agreement as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

11.  Subject to the qualifications in paragraph 12, no provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

12.  Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that the Federal Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

13.  The parties agree that this Agreement was negotiated in good faith and that this Agreement constitutes a settlement of claims that were denied and disputed by the parties. By entering into this Agreement, the parties do not waive any claim or defense.

14.  The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

15.  The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

16.  Upon approval of this Agreement by the Court, all counts of Plaintiffs' Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance

1 | with the terms of this Agreement and to resolve any motions to modify such terms. <u>See</u>
2 | <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375 (1994).
3 | //
4 | //
5 | //
6 | //
7 | //
8 | //
9 | //
10 | //
11 | //
12 | //
13 | //
14 | //
15 | //
16 | //
17 | //
18 | //
19 | //
20 | //
21 | //
22 | //
23 | //
24 | //
25 | //
26 | //
27 | //
28

Stipulated Settlement Agreement and
[Proposed] Order of Dismissal           6                    No. C 10-992 SC

| | | |
|---|---|---|
| 1 | Dated: May 7, 2010 | Respectfully submitted, |
| 2 | | IGNACIA S. MORENO, Asst. Attorney General |
| 3 | | JEAN E. WILLIAMS, Section Chief |

  /s/ Lawson E. Fite
LAWSON E. FITE, Trial Attorney
Ore. Bar No. 055573
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0217
Fax: (202) 305-0275
Email: lawson.fite@usdoj.gov

Attorneys for Defendants


  /s/ Catherine W. Kilduff (by LEF, as authorized 5/7/10)
Catherine W. Kilduff (CA Bar No. 256331)
Andrea A. Treece (CA Bar No. 237639)
Miyoko Sakashita (CA Bar No. 239639)
CENTER FOR BIOLOGICAL DIVERSITY
351 California Street, Suite 600
San Francisco, CA 94104
Phone: (415) 436-9682
Facsimile: (415) 436-9683
Email: atreece@biologicaldiversity.org
miyoko@biologicaldiversity.org
ckilduff@biologicaldiversity.org

Attorneys for Plaintiffs

PURSUANT TO STIPULATION, IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

*[Seal: UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED — Judge Samuel Conti]*

Stipulated Settlement Agreement and
[Proposed] Order of Dismissal          7                    No. C 10-992 SC

|   |   |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., | ) ) ) No. C 10-992 SC ) ) **CERTIFICATE OF SERVICE** ) ) ) ) ) ) ) |
| Plaintiffs, | |
| v. | |
| KEN SALAZAR, et al., | |
| Defendants. | |

    I hereby certify that on May 7, 2010, I electronically filed the foregoing STIPULATED SETTLEMENT AND [PROPOSED] ORDER OF DISMISSAL with the Clerk of the Court via the CM/ECF system, which will send notification of such to the attorneys of record.

                                             */s/ Lawson E. Fite*
                                             LAWSON E. FITE